UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:13-CR-45-TAV-DCP-19 |
| | ) | |
| KIMBERLY FRANCES BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on defendant's *pro se* motion asking the Court to seal her criminal records [Doc. 1952]. In support, defendant notes that, since her release from prison, she has maintained employment, regained her voting rights, purchased a home, and been accepted into the nursing program at Pellissippi State Community College. However, defendant expresses concern that she will be denied admittance to the nursing program when the school conducts a background check and learns of her criminal history. The government responded in opposition [Doc. 1995], stating that defendant's pursuit of further education, while commendable, is not sufficient to seal her criminal records.

While "every court has power over its own records and files . . . the decision as to access is one best left to the sound discretion of the trial court." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (internal quotation marks omitted). Nevertheless, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know" and "[o]nly the

most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474, 476 (6th Cir. 1983). Moreover, the Sixth Circuit has recognized that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). However, the Sixth Circuit has also stated that "courts have uniformly denied expunction requests regarding valid convictions." *United States v. Robinson*, 79 F.3d 1149 (6th Cir. 1996). Thus, "[a]lthough [a] Defendant's criminal record may result in financial hardship and impede h[er] ability to obtain gainful employment, expungement typically is not appropriate unless unwarranted adverse consequences outweigh the public interest in maintaining criminal records." *United States v. Wiley*, 89 F. Supp. 2d 909, 911 (S.D. Ohio 1999).

Here, while the Court finds defendant's rehabilitative efforts commendable, the Court does not find that the circumstances warrant expungement or sealing of defendant's criminal record. Although defendant's criminal record may impede her ability to further her education in the field of nursing, such impediment is insufficient to "outweigh the public interest in maintaining criminal records." *See id.* Accordingly, because defendant has not shown sufficient cause to warrant expungement or sealing of her criminal record, her motion [Doc. 1952] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE